UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TONI HALE,
   Plaintiff,

vs.                                                                          No. 08-4068

ADAMS COUNTY JAIL, et al
   Defendants

CASE MANAGEMENT AND MERIT REVIEW ORDER

     This cause is before the court for case management and merit review of the plaintiff's amended complaint. On December 16, 2008, the plaintiff submitted a letter to the court which was filed as a complaint based on the claims in the letter. The court also entered an order informing the plaintiff that if she wished to proceed with a lawsuit, she must either pay a filing fee or a motion to proceed *in forma pauperis*. December 18, 2008 Text Order. The Clerk of the Court was directed to send the plaintiff a blank complaint form so she could more clearly identify her intended defendants. *Id.* The plaintiff has now filed her motion to proceed *in forma pauperis* and an amended complaint.

     The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A

     The plaintiff has named 14 defendants from the Adams County Jail in her amended complaint including the Adams County Jail; Correctional Officers Magee McGee, Deena Coleman, Cool, Troutyetter, Tiffany, Boden, Jhon Smith and Winston; Warden Baker; Jail Administrator Chad Downs; Sergeants Bruce Harmon and Galloway; and the nursing staff.

     The plaintiff says she was pregnant during her incarceration at the jail, but the defendants refused her medical care and repeatedly used excessive force. As a result, the plaintiff says her baby was born with mental retardation. The plaintiff's complaint provides a rambling account of her stay in the jail, but here are the individual allegations:

1) Defendant Chad Downs and an unidentified nurse refused the plaintiff's requests for medical care when she believed she was pregnant.

2) Officer Winston and Smith drug the plaintiff down a hall when she asked for a pair of pants.

1

3) Officers Troutyetter, McGee and Coleman "drug me down a hall, used unnecessary force." (Comp, p. 7)

4) Diane Coleman used unnecessary force when she struck the plaintiff.

5) Officer Cool attempted to taser the plaintiff even after she told him she was pregnant.

6) Officer Chad Downs ordered Troutyetter, McGee, Coleman and Cool to strap the plaintiff down to a chair.

7) Officer McGee grabbed the plaintiff by the neck, slammed her to the ground, put a knee in her back and twisted her arm.  The plaintiff says she felt sharp pains in her stomach.

8) Officer Colman, McGee and Cool strapped the plaintiff to a chair when she was pregnant and applied the straps so tightly it cut off her circulation and was too tight around her stomach.

9) Sergeant Galloway threw the plaintiff against a wall, cuffed the plaintiff and strapped her to a chair for no reason.

10) Officer Tiffany "shackled me while I was pregnant to transport me knowing I was pregnant." (Comp, p. 7) Officer Penny was also along when the two officers took the plaintiff to the hospital.   The plaintiff also claims she was shackled to the hospital bed.

11) The plaintiff says the jail refused to provide her with "more advanced care" which was "critical" for her pregnancy because they "dropped my bond to a signature bond and released me from their care." (Comp., p. 7)

12) At some later point, the plaintiff says she began to have a problem while in the custody of the jail and began to "leak fluid" and was therefore rushed to the hospital.

13) At some point, Officers Bowden and Harmon were involved in strapping the plaintiff to a chair.  Officer Bowden spit into a plastic face mask and then put it over the plaintiff's  face which prevented her from breathing.  The plaintiff says she cut her tongue on the mask and began to bleed.  Apparently this episode continued for some time.

14) Officer Tiffany used "unnecessary force" when the officer threatened the plaintiff with a taser.

15) Sergeant Galloway refused to provide prescription pain medication

16) Sergeant Galloway slammed the plaintiff into a wall, squeezed her face and told her he did not feel sorry for her.  He then threw her onto a metal bed.

There are several problems with the plaintiff's complaint.  First, the Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc.* 2002 WL 413172 at 4 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001).  The plaintiff does not provide time frames for most of her allegations.   She has written some dates in the margins of her complaint, but it is not clear which dates belong to which allegations.   Although the plaintiff may not remember the exact day an incident took place, she should provide an estimate of the time frame.

Second, some of the plaintiff's excessive force allegations clearly do not rise to the level of a constitutional violation.  The Eighth Amendment prohibits "unnecessary and wanton infliction of pain."  *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  Excessive force is force applied "maliciously and sadistically to cause harm," as opposed to force applied "in a good-faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 5.  Relevant factors include the need for force, the relationship between that need and the force applied, the threat reasonably perceived by the officers, the efforts made to temper the severity of the force employed, and the extent of the prisoner's injury.  *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000), *citing Hudson*, 503 U.S. at 7.

"[W]hile significant injury is not required, a claim ordinarily cannot be predicated upon a de minimis use of force."  DeWalt, 224 F.3d at 619; *see also* Outlaw *v. Newkirk*, 259 F.3d 833, 839 (7th Cir. 2001). *See Lunsford v Bennett,* 17 F.3d 1574, 1582 (7th Cir. 1994)(pouring a bucket of water on a prisoner and causing bucket to hit him in the head is de minimis) *DeWalt v Carter,* 224 F3d 607, 620 (7th Cir. 2000)(single incident involving shoving prisoner into door frame and causing bruise is de minimis).

For instance, the plaintiff alleges that she was shacked when she was transported to the hospital and shackled to the bed when she was at the hospital.  The plaintiff was an inmate at the time of this trip and shackling her alone does not violate the constitution.  In addition, "attempting" to taser the plaintiff or pointing a taser at the plaintiff does not violate her constitutional rights.   Also, just because the plaintiff believes the force used was "unnecessary," does not mean it was cruel and unusual in violation of the Eighth Amendment.  For instance, it is not clear that dragging the plaintiff down the hall on one occasion, without any further use of force or injury would rise to the level of a constitutional violation.

Third, it is not clear what period of time the plaintiff was incarcerated in the Adams County Jail.  The plaintiff at one point in her complaint says she was released from custody.  Was the plaintiff incarcerated throughout her pregnancy?  If the plaintiff was incarcerated during different time periods of her pregnancy, she should clarify those time frames.

Fourth, releasing the plaintiff from custody instead of providing prenatal care does not violate the plaintiff's constitutional rights.  The plaintiff was free to obtain her own medical care when she was released.

Finally, the Adams County Jail is not a legal entity and thus not a proper §1983 defendant.

The court is going to allow the pro se plaintiff one last opportunity to file an amended complaint. The court appreciates that the plaintiff is proceeding without counsel, so the court will provide more specific instructions to follow. In the second amended complaint, the plaintiff must:

1) number each of her claimed allegations;
2) provide the time frame of the events for EACH allegation; and,
3) the plaintiff should state which defendants were involved in EACH allegation.

The plaintiff should also clarify what periods of time she was in the Adams County Jail. The plaintiff must file her second amended complaint within 30 days of this order. No further continuances will be allowed. If the plaintiff does not meet the deadline, the court will conduct a merit review of this complaint as it is currently written. Any allegations that do not state a constitutional violation or do not specify a time period will be dismissed.

**IT IS THEREFORE ORDERED that:**

**1) The court will allow the plaintiff one further opportunity to clarify her claims. The clerk of the court is to provide the plaintiff with a blank complaint form. The plaintiff must follow the directions in this order and file her second amended complaint within 30 days of this order. The second amended complaint must stand complete on its own, and not refer to any previous complaint.**

**2) No further continuances will be allowed. If the plaintiff fails to follow this court order, the court will conduct a final merit review of the complaint filed on January 22, 2009. Any allegations that do not state a constitutional violation or do not specify a time period will be dismissed**.

Entered this 13th Day of April, 2009.

                                               s\Harold A. Baker
                           _____
                                      HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE